**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| BRIAN CLONINGER, ) | |
| ID # 13058318, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:13-CV-4472-N-BH |
| ) | |
| CRAIG WATKINS, ) | |
|     Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this *pro se* prisoner case has been automatically referred for screening. Before the Court is the plaintiff's *Application to Proceed In Forma Pauperis*, filed November 7, 2013 (doc. 5). Based on the relevant filings and applicable law, the application should be **DENIED**, and the case should be dismissed for failure to prosecute or follow court orders.

**I. BACKGROUND**

The plaintiff's complaint in this action was received on November 5, 2013. (*See* doc. 3.) His amended complaint and an application to proceed *in forma pauperis* (IFP) were received two days later. (*See* docs. 4, 5.) Prior to the docketing of the amended complaint and the IFP motion, on November 8, 2013, the Court issued a *Notice of Deficiency and Order* advising the plaintiff that he had not filed his complaint on the proper form, and that he had not paid the filing fee or submitted an IFP application. (*See* doc. 6.) It gave the plaintiff thirty days to file his action on the proper form and to pay the fee or file an IFP application, and it specifically warned him that failure to comply with the order could result in dismissal of the case. *Id.* On November 12, 2013, after the plaintiff's IFP motion was docketed, the Court issued a *Second Notice of Deficiency and Order* advising the plaintiff that his IFP application was deficient because it did not include the required certificate of inmate trust account. (*See* doc. 7.) The order gave the plaintiff thirty days to file the required

certificate, and it specifically warned him that failure to comply with the order could result in dismissal of the case. *Id.* More than thirty days have passed since the date of both orders, but the plaintiff has not filed his complaint on the proper form or filed a certificate of trust account. Nor has he filed anything else in this case.

## II.  IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, the plaintiff's motion is deficient, so he has not shown that he will suffer undue financial hardship after payment of the $400.00 filing fee. His application to proceed *in forma pauperis* should therefore be denied.

## III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). By orders dated November 8 and 12, 2013, the plaintiff was given thirty days to file his complaint on the proper form and to submit a certificate of trust account. He was specifically warned that failure to do so could

result in dismissal of the case. Because he failed to comply with both orders, the case should be dismissed.

## IV. RECOMMENDATION

The plaintiff's application to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless he complies with the two orders within the time for objecting to this recommendation or some other deadline set by the Court.

**SIGNED this 23rd day of December, 2013.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE